██ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD R. DENZEL, Appellant, v. WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Motion granted and time for argument of appeal enlarged to include November 1960 Term, on condition appellant's brief is filed on or before November 2, 1960. Respondent's brief must be filed on or before November 17, 1960 if appeal is to be argued at November 1960 Term.

## (October 27, 1960)

██ MANCO DISTRIBUTORS, INC., Respondent, v. BIGELOW-SANFORD CARPET COMPANY, INC., Appellant.— Order unanimously affirmed, with $25 costs and disbursements. Memorandum: Motions under rule 103 of the Rules of Civil Practice to strike out a part of a complaint as sham or irrelevant are not favored and they will not be granted in the absence of a clear showing that the allegations have no possible bearing upon the subject matter of the litigation and that substantial prejudice will result if the allegations objected to are not stricken out (4 Carmody-Wait, New York Practice, pp. 756–767, and cases there cited). There was no such showing here. The question sought to be raised by the appellant can be adequately dealt with by the trial court, without prejudice to the appellant. In affirming the order, we do not express any opinion as to the admissibility of evidence to support the allegations of the complaint attacked by the motion. (Appeal from order of Onondaga Special Term denying defendant's motion to strike certain paragraphs from plaintiff's amended complaint.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES LA PLACA, Appellant.— Order unanimously reversed and matter remitted to the Monroe County Court for further proceedings in accordance with the memorandum. Memorandum: If the court based its decision upon any part of the minutes of the Grand Jury in passing upon the original motion for a writ of error coram nobis, then such part of the minutes should be part of the record on appeal and the court should grant access thereto for the purpose of making up the record on appeal. However, if the court did not base its decision on the minutes, then such steps should be taken as might be necessary to correct and amend the recitals in the original order denying the writ of error coram nobis. (Appeal from order of Monroe County Court denying motion by defendant for an inspection of the Grand Jury minutes.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE RENOUS, Appellant.— Judgment of conviction affirmed. All concur, except Halpern and McClusky, JJ., who dissent and vote to reverse and to grant a new trial upon the ground that the record does not establish defendant's guilt beyond a reasonable doubt. (Appeal from judgment of Monroe County Court convicting defendant of the crimes of burglary, third degree, and grand larceny, second degree.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.